Efrain Jeronimo PEREZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–4948.

United States Court of Appeals, Second Circuit.

Feb. 11, 2005.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

876

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Michael C. James, Sara L. Shudofsky, Assistant United States Attorneys, Southern District of New York, New York, NY, for Respondent.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

SUMMARY ORDER

Efrain Jeronimo Perez, a citizen of Guatemala, petitions this court for review of a November 20, 2002 order of the Bureau of Immigration Appeals ("BIA") affirming, without opinion, an order of an Immigration Judge ("IJ") and rendering it the final agency determination. The IJ's order granted Perez's application for voluntary departure from the United States and denied Perez's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues.

We may reverse the BIA's determination for lack of substantial evidence "only if no reasonable fact-finder" would have made that finding. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (citations omitted). Perez credibly testified that he was forcibly conscripted into the Guatemalan army, forced to witness terrible atrocities against his own people and physically punished by the army on several occasions for his protests against the atrocities. Perez's principal argument is that the IJ's denial of his asylum relief was not supported by substantial evidence. We have reviewed the record and relevant case law and find no basis to disturb the IJ's determination that Perez failed to meet his burden of showing either "past persecution or a well-founded fear of future persecution." *Zhang v. INS*, 386 F.3d 66, 70 (2d Cir.2004).

We also do not disturb the IJ's determination that Perez was not eligible for withholding of removal. Perez's inability to establish eligibility for asylum necessarily

results in his inability to meet the higher burden required to establish eligibility for withholding of removal. *See Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999). We do not have jurisdiction to review Perez's CAT claim because Perez failed to exhaust it before the BIA. *See Theodoropoulos v. INS*, 358 F.3d 162, 173–74 (2d Cir.2004).

We therefore deny Perez's petition for review of the BIA's order. Accordingly, the stay of removal previously entered is hereby lifted.